**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                                    :
IN RE:                                                          : Case No. 25-11003-AMC
                                                                    :
**THOMAS DAVID GAUDET**                    :
                                                                    :
                                        Debtor.          : Chapter 11
                                                                    :
_____:

**MOTION OF PNC BANK, NATIONAL ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE RIGHTS WITH RESPECT TO 32 ASPEN DRIVE, WARMINSTER, PA 18974**

PNC Bank, National Association ("PNC Bank") hereby moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to exercise its rights with respect to its claim that it is secured by real property located at 32 Aspen Drive, Warminster, PA 18974 (the "Property") due to the lack of adequate protection of PNC Bank's interests.

**I.      BACKGROUND**

1.      On March 13, 2025 (the "Petition Date"), Thomas Gaudet (the "Debtor" or "Mr. Gaudet") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

2.      The Debtor, with his wife, is the owner of the Property, which is their residence and located in Bucks County.

**Tax Claims**.

3.      The Property is subject to real estate taxes, including school, local and county taxes, which were not paid in the three years prior to the filing of the bankruptcy.

4. A claim for the unpaid prepetition real estate taxes (Proof of Claim No. 5) has been filed in the amount of $39,812.30 plus 10% per annum interest on the principal balance of $30,709.89.

**The PNC Bank Judgments and Sheriff's Sale**.

5. By virtue of a judgment (the "Judgment") in the amount of $1,475,654.24 plus interest entered on May 5, 2021 in the Court of Common Pleas of Bucks County at Case No. 2021-02414, PNC Bank has a lien on the Property which is junior only to the lien of the taxing authorities.[1]

6. A copy of the judgment is attached to Proof of Claim 8 filed by PNC Bank and attachment as Exhibit A-1 and incorporated by reference.

7. The Property was scheduled for sheriff's sale in Bucks County on March 14, 2025 based on a writ of execution issued at the request of PNC.

8. The sale was stayed by the filing of the bankruptcy petition on March 13, 2025.

**The Value of the Property**.

9. On information and belief, the Property is a four bedroom, four bath, 4,494 square foot home located on approximately 2.5 acres.

10. On April 2, 2025, Mr. Gaudet filed his schedules [D.I. 27].

11. In his schedules, Mr. Gaudet values the Property at $1,000,000.00.

12. For purposes of this motion, PNC does not dispute that valuation.[2]

**The Plan**.

13. On June 11, 2025, Mr. Gaudet filed his Chapter 11 Plan of Reorganization for Small Business (the "Plan"). [D.I. 35].

---

[1] A second judgment (the "Second Judgment") in favor of PNC Bank and against Mr. and Mrs. Gaudet in the amount of $929,622.93 plus interest was entered on May 11, 2021 in the Court of Common Pleas of Bucks County at Case No. 2021-02521 based on a separate obligation. A copy of the Second Judgment is attached to Proof of Claim 11 filed by PNC Bank on June 17, 2025 and incorporated by reference.

[2] PNC Bank's own appraisal dated January 24, 2025, values the property at $960,000.00. A copy of the appraisal is attached at Exhibit A-2.

#125349943v2                                              2

14.     The treatment of PNC Bank under the Plan is premised on Mr. Gaudet's ability to consummate the sale of certain real property located at 58 Pyles Lane, New Castle, Delaware 19720 (the "JKN Property") owned by an affiliate, JKN Properties, LLC ("JKN"). Plan, pp. 4, 6.

15.     The JKN Property has environmental issues associated with it due to its prior utilization by a waste hauling business owned and operated by Mr. Gaudet known as Service Transport Group, Inc ("Service Transport").

16.     On January 29, 2024, the State of Delaware, Department of Natural Resources and Environmental Control ("DNREC") commenced an action in the Delaware Superior Court seeking fines asserted against Mr. Gaudet and others for millions of dollars for various environmental violations associated with Service Transport and JKN. See POC 7.

17.     On information and belief, at the time the Plan was filed, the JKN Property was subject to an agreement of sale that was contingent on, among other things, an acceptable resolution with DNREC of environmental and remediation issues.

18.     In November, 2025, PNC Bank was advised by counsel for Mr. Gaudet that the sale agreement for the JKN Property, which had been extended on multiple occasions to see if the buyer and seller could resolve the remediation issues, had expired and that the proposed buyer was not extending it.

**The Tax Situation**.

19.     On July 15, 2025, PNC Bank filed a motion seeking adequate protection in the form of tax payments by Mr. Gaudet for the Property. [D.I. 48].

20.     On September 19, 2025, this Court entered an Order [D.I. 64] granting the motion of PNC Bank National Association for adequate protection.

21.     The Order requires Mr. Gaudet to pay or escrow $1,000.00 per month for real estate taxes on the property.

22. Despite multiple requests, Mr. Gaudet has not confirmed that he has, in fact, made these payments and/or escrow deposits.

23. The Monthly Operating Reports do not reflect any payments made to or for taxes.[3]

## II. **CAUSE FOR RELIEF FROM THE AUTOMATIC STAY EXISTS.**

24. Pursuant to section 362(d)(1) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay for cause, including lack of adequate protection of the party's interest in property. 11 U.S.C. §362(d)(1).

25. PNC Bank's interest in the Property is impaired and not adequately protected as required by 11 U.S.C. §361.

26. The Debtor has been unsuccessful in the efforts to sell the JKN Property, which was to be the source of funding for the Plan, and the Debtor is not in compliance with the Court Order regarding tax payments.

27. As of the date of this Motion, the Plan appears to be unconfirmable and the proposed sale of the JKN Property does not appear to be going forward.

28. The Debtor's primary source of income, according to his operating reports, are social security payments, which the Debtor acknowledges will not be sufficient to fund the Plan. See Plan, p.2.

29. The Debtor is not making his tax payments/escrow when due.

30. Accordingly, cause exists pursuant to 11 U.S.C. § 362(d)(1) to lift the automatic stay to allow PNC Bank to exercise its rights with respect to the Property. This would include pursuing rights under the First and Second Judgments.

---

[3] The operating reports of Mr. Gaudet suggest, though, a significant amount of discretionary spending at Joe's Kwik Mart; Supervalue Beverages; The Beer Outlet; and Wine and Spirits.

#125349943v2                                    4

31. Relief from stay is also appropriate pursuant to 11 U.S.C. §362(d)(2) because the Debtor does not have equity in the Property and it is not necessary for a successful reorganization.

32. The Judgment and its corresponding lien exceed the value of the Property.

33. The Property is not necessary to an effective reorganization as the Debtor cannot afford to stay in the Property.

WHEREFORE, PNC Bank respectfully request that this Court enter an Order granting relief from the automatic stay pursuant to §362(d) so that PNC Bank may exercise its rights with respect to the Property, and granting such other and further relief as appropriate.

DILWORTH PAXSON LLP

/s/ Martin J. Weis
Martin J. Weis
1650 Market St., Suite 1200
Philadelphia, PA 19103
(215) 575-7000

Dated: December 10, 2025    *Attorneys for PNC Bank, National Association*

#125349943v2                5