## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| Thomas David Gaudet | Case No. 25-11003 (AMC) |
| Debtor | |

**DEBTOR'S OBJECTION TO MOTION OF PNC BANK, NATIONAL ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE RIGHTS WITH RESPECT TO 32 ASPEN DRIVE, WARMINSTER, PA 18974**

Thomas David Gaudet (the "Debtor"), by and through its undersigned counsel, Smith Kane Holman, LLC, hereby files this Objection to the Motion of PNC Bank, National Association ("Movant") for Relief from the Automatic Stay to Exercise Rights with Respect to 32 Aspen Drive, Warminster, PA 18974 (the "Motion") and, in opposition to the Motion, avers as follows:

**I.    BACKGROUND**

1. Admitted.

2. Admitted.

3. Admitted in part, denied in part. It is admitted only that certain prepetition real estate taxes for the Property[1] were owing on the Petition Date. The remaining allegations of this paragraph constitute conclusions of law, to which no response is required.

4. Admitted in part, denied in part. It is admitted only that a claim for prepetition real estate taxes has been filed. It is denied to the extent that the allegations of this paragraph refer to Proof of Claim No. 5, a written document, the terms of which speak for themselves.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

5. Admitted in part, denied in part. It is admitted only that the Judgment and Second Judgment have been entered in Bucks County Court of Common Pleas. The remaining allegations of this paragraph constitute conclusions of law, to which no response is required.

6. Denied on the basis that this paragraph refers to Proof of Claim No. 8 and its attachments, each written documents, the terms of which speak for themselves.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied. The Debtor filed his schedules on April 10, 2025.

11. Denied. The Debtor's Schedule A/B reflects that the Property has an estimated value of $1,000,000, but that no recent appraisal has been obtained.

12. This paragraph does not contain an assertion that is capable of being admitted or denied. By way of further answer, the Debtor incorporates his answer in paragraph 11 above and reiterates that no actual valuation of the property has been performed.

13. Admitted.

14. Denied on the basis that the Plan is a written document, the terms of which speak for themselves.

15. Denied as stated. The Debtor acknowledges that the JKN Property has environmental issues, but denies the remainder of this paragraph as stated.

16. Admitted in part, denied in part. It is admitted only that DNREC commenced an action in Delaware Superior Court against the Debtor, Service Transport, and JKN. It is denied to the extent that this paragraph refers to the pleadings in that action, which are written documents, the terms of which speak for themselves.

17. Admitted in part, denied in part. It is admitted only that at the time the Plan was filed, the JKN Property was subject to an agreement of sale. The remaining allegations of this paragraph refer to the agreement of sale, which is a written document, the terms of which speak for themselves.

18. Denied as stated. The agreement of sale for the JKN Property had not been extended, but the circumstances giving rise to the lack of an extension were not discussed.

19. Admitted in part, denied in part. It is admitted only that PNC filed a motion seeking adequate protection, which motion was filed on June 23, 2025 (D.I. 42). It is denied to the extent that this paragraph refers to that motion, a written document, which speaks for itself.

20. Admitted in part, denied in part. It is admitted only that the Court entered an order on September 19, 2025. It is denied to the extent that this paragraph refers to that order, which is a written document, the terms of which speak for themselves.

21. Denied on the basis that the order is a written document, the terms of which speak for themselves.

22. Admitted.

23. Admitted in part, denied in part. It is admitted only that the Monthly Operating Reports do not reflect any payments made toward Property taxes. The remaining allegations of this paragraph, including those made by footnote, are denied on the basis that they refer to and otherwise characterize the Monthly Operating Reports, which are written documents, the terms of which speak for themselves.

II. **PNC IS NOT ENTITLED TO RELIEF FROM THE AUTOMATIC STAY**

24. Denied on the basis that the allegations of this paragraph (including legal citations) constitute legal conclusions, to which no responses are required.

25. Denied on the basis that the allegations of this paragraph (including legal citations) constitute legal conclusions, to which no responses are required.

26. Denied. The Debtor's efforts to sell the JKN Property are ongoing. The remaining allegations of this paragraph are further denied on the basis that they constitute legal conclusions, to which no responses are required.

27. Denied on the basis that the allegations of this paragraph constitute legal conclusions, to which no responses are required. By way of further response, the Debtor's efforts to sell the JKN Property are ongoing.

28. Admitted in part, denied in part. It is admitted only that the Debtor's primary current source of income is his social security payments. The remaining allegations are denied on the basis that they constitute legal conclusions, to which no responses are required.

29. It is admitted only that the Debtor has not made Property tax/escrow payments to the extent that they have come due post-petition. By way of further response, the Debtor is seeking to address his post-petition Property tax obligations.

30. Denied. It is denied that Movant is entitled to the relief it seeks.

31. Denied on the basis that the allegations of this paragraph constitute legal conclusions, to which no responses are required.

32. Denied on the basis that the allegations of this paragraph constitute legal conclusions, to which no responses are required.

33. Denied on the basis that the allegations of this paragraph constitute legal conclusions, to which no responses are required.

### III. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order denying the Motion and grant such other and further relief as this Court deems just and proper.

SMITH KANE HOLMAN, LLC

Date: December 30, 2025

By: */s/ Nicholas M. Engel*
Nicholas M. Engel, Esquire
David B. Smith, Esquire
112 Moores Road, Suite 300
Malvern, PA 19355
Tel: (610) 407-7216
Fax: (610) 407-7218
nengel@skhlaw.com
*Counsel to the Debtor*